UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACIO EDWARDS, III | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No.  08 C 588 |
| | ) | |
| OFFICER DANIEL BISGROVE, | ) | Judge Gettleman |
| individually, | ) | |
| | ) | |
|     Defendant. | ) | |

## JOINT STATUS REPORT

**A.** The date and time this matter is set for a status report before the Court.

Parties are set to appear before the Court on this matter on Thursday, June 19, 2008 at 9:00 a.m.

**B.** The attorneys of record for each party, indicating which attorney is expected to try the case.

Gregory E. Kulis and Ronak D. Patel for plaintiff and Gregory S. Mathews for defendant.

**C.** The basis of federal jurisdiction.

§1983

**D.** Whether a jury has been requested and by which party.

Plaintiff requested a jury trial.

**E.** The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case, along with a description of any affirmative defenses.

Plaintiff's Complaint asserts claims for excessive force and wrongful arrest. Defendant has denied the plaintiff's claims and asserted the affirmative defense of qualified immunity.

  **F.** The relief sought by any party, including computation of damages, if available.

Plaintiff is seeking monetary relief.

  **G.** The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

  N/A

  **H.** The principal legal issues (including the citation to any key legal authority related to such issue).

  The principal legal issues in this case include: (1) whether the Plaintiff was falsely arrested by the Defendant; and (2) whether Defendant engaged in a use of force against Plaintiff which was unprovoked, unnecessary, and excessive.

  **I.** The principal factual issues, including the parties' respective positions on those issues.

  The principal factual issues in this case include: (1) whether or not Defendant had probable cause to arrest Plaintiff; and (2) whether or not Defendant had any physical contact with Plaintiff, and if so, whether that contact was justified and not excessive. Plaintiff's position on these issues is that Defendant had no probable cause to arrest Plaintiff and that subsequent to the alleged false arrest, Defendant engaged in an excessive use of force against Plaintiff, causing Plaintiff to seek medical treatment. Plaintiff claims that the defendant walked onto plaintiff's premises and maced Plaintiff after being questioned by Plaintiff as to why Defendant was asking him for identification, thereafter arresting the plaintiff to cover up an excessive use of force. Defendant asserts that the plaintiff resisted a lawful inquiry into a domestic dispute complaint when defendant approached the plaintiff and a second individual seated in a car with the lights

out and engine running at 3:50 a.m., and then resisted restraint when the plaintiff's companion ran from the scene, which the plaintiff disputes.

**J.** A brief description of all anticipated motions.

Depending on discovery the defendant anticipates filing a motion for summary judgment.

**K.** A proposed discovery plan pursuant to F.R.Civ.P.26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.

No discovery has been completed to date. The parties propose the following completion dates:

| | |
|---|---|
| Written discovery | August 15, 2008 |
| Fact discovery | November 15, 2008 |
| Expert Discovery | January 30, 2009 |
| Discovery cutoff | February 15, 2009 |

**L.** The earliest date the parties would be ready for trial and the probable length of trial.

April 2009

**M.** The status of any settlement discussions and whether a settlement conference would be appropriate.

No settlement discussions have yet occurred. The parties anticipate that settlement discussions may commence upon the parties' exchange of written discovery. A determination will be made as to whether a settlement conference is requested based on the status of ongoing negotiations. Therefore, parties may request a settlement conference at some later date.

**N.**     Whether the parties will consent to trial before a magistrate judge.

There is no mutual consent at this time to proceed before the magistrate judge.

Submitted by,

/s/ Ronak Patel
Attorney for Plaintiff

/s/ Gregory S. Mathews
Attorney for Defendant

4